

**FILED**

**January 27, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 3:57 PM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Elijah Scales,<br>　　　　Employee,<br>v.<br>Michael Sherlock,<br>　　　　Employer. | ) Docket No.: 2015-08-0002<br>)<br>) State File Number: 467-2015<br>)<br>) Judge Jim Umsted<br>)<br>)<br>)<br>) |

---

## EXPEDITED HEARING ORDER GRANTING MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

On January 13, 2016, the Court held an Expedited Hearing on this claim filed by Elijah Scales, the employee, against Michael Sherlock, the employer. The issues are: (1) Mr. Scales' entitlement to medical benefits; and (2) his entitlement to temporary disability benefits.[1] The Court finds Mr. Scales established he is likely to prevail at a hearing on the merits and is, therefore, entitled to past and ongoing medical benefits as well as past temporary disability benefits.

### History of Claim

Mr. Scales is a sixty-two-year-old resident of Shelby County, Tennessee. He worked for Mr. Sherlock as a manual laborer since 2011 at the business Mr. Sherlock owned with his father-in-law, Tommy Costello, located at Shelby Drive and Tchulahoma Road in Memphis, Tennessee. In this case, as described in more detail below, Mr. Scales claims he injured his neck and both wrists at work on September 20, 2014, when he fell from a ladder. Mr. Sherlock did not participate at the mediation stage of this claim and did not appear at the Expedited Hearing.

Mr. Scales testified he injured his neck and wrists at work, while painting the roof of a barn in Columbus, Indiana. According to Mr. Scales, he was working at the top of a

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

thirty-six-foot ladder when the coworker holding the ladder left. The ladder slipped out from under him, and he had to jump to the ground. Mr. Sherlock arrived at the scene shortly after the fall and drove Mr. Scales to the emergency room.

Soon after Mr. Scales arrived at the emergency room, his medical care provider transferred him to St. Vincent Jennings Hospital in Indianapolis, Indiana. He advised that he fell from a ladder and landed on his left wrist and neck. He received treatment for neck and left-wrist fractures and remained in the hospital until September 22, 2014. Upon discharge, Mr. Scales was restricted from bearing weight on his left wrist and was referred to Dr. James Creighton at Indiana Hand to Shoulder Center. Mr. Scales testified that he tried to return to work, but with his neck brace and fractured wrist, he could not perform the tasks Mr. Sherlock asked him to do.

Mr. Scales presented to Dr. Creighton on September 25, 2014. Dr. Creighton recommended performing left-wrist surgery. Mr. Scales underwent surgery on September 29, 2014. Dr. Creighton took Mr. Scales completely out of work after surgery and instructed him to return for a follow-up appointment on October 22, 2014. The medical records admitted into evidence suggest Mr. Scales returned to see Dr. Creighton on October 22, 2014, but the records do not include a narrative note discussing the specifics of his treatment. The October 22, 2014 report indicates Dr. Creighton did not keep Mr. Scales off work or place any restrictions on him.

Mr. Scales testified he returned to Tennessee a few weeks after his fall and sought treatment at the Church Health Center (Church Health) and Christ Community Health Services (Christ Community). He complained of right-wrist pain during his visit to Church Health on October 31, 2014, and his provider at Christ Community ordered a wrist x-ray on October 31, 2014. During his Christ Community appointment on November 26, 2014, he received a referral to an orthopedic specialist.

Mr. Scales stated Mr. Sherlock gave him $400.00 but did not provide a panel of physicians or pay any of his medical bills. Mr. Sherlock advised Mr. Scales that he did not have workers' compensation insurance and was not responsible for compensating him for his injury. Mr. Scales continues to have problems with his neck and wrists but cannot afford further treatment as he cannot work.

Mr. Scales filed a Petition for Benefit Determination on January 5, 2015, seeking medical and temporary disability benefits. The disputed issues could not be resolved through mediation as Mr. Sherlock failed to participate in the mediation process. Consequently, the Mediating Specialist filed a Dispute Certification Notice on May 21, 2015. The Court held an Expedited Hearing on January 13, 2016.

At the Expedited Hearing, Mr. Scales testified he has a fifth-grade education and performed physical labor all of his life. Mr. Scales estimated that he earned $600.00 to

$700.00 per week based on his daily rate of $120.00. He typically worked six days a week but would occasionally work seven days a week. Mr. Scales testified he worked approximately 300 days in the year preceding his work injury of September 20, 2014. Mr. Sherlock paid Mr. Scales cash, and Mr. Scales never received any paperwork for filing taxes. According to Mr. Scales, Mr. Sherlock's business performed construction work, including painting, replacing shingles on houses, pressure washing, and repaving driveways. In addition to the owners of the business, Mr. Sherlock and Mr. Costello, Mr. Scales advised Mr. Sherlock had three laborers working for him at the time of Mr. Scales' injury.

Mr. Scales stated he cannot lift anything over thirty pounds and has not worked since his fall. However, he also admitted no doctor restricted him from working. Mr. Scales further noted he has developed asthma and blood pressure issues as a result of his work fall. He seeks past and ongoing medical benefits as well as temporary disability benefits. He introduced medical bills from St. Vincent Jennings Hospital ($6,442.50), Indiana Physician Management-Jennings ($680.40), Hand Surgery Associates ($3,859.00), Indiana Hand to Shoulder Center ($3,623.00), and Regional One Health ($275.37). Mr. Sherlock did not appear at the Expedited Hearing, despite receiving notice of the hearing via certified mail.

The Court must determine whether Mr. Scales is likely to prevail in proving he injured his neck and wrists at work, entitling him to workers' compensation benefits.

### Findings of Fact and Conclusions of Law

*General Legal Principles*

This Court must interpret the Workers' Compensation Law fairly, impartially, and without favor for either the employee or employer. Tenn. Code Ann. § 50-6-116 (2015). The employee in a workers' compensation claim must prove all essential elements of his claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). However, an employee need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

3

must come forward with sufficient evidence from which the trial court can determine that he is likely to prevail on his claim at trial. *Id.*

*Compensability*

The first issue this Court must address is whether Mr. Scales sustained a compensable injury. Mr. Scales persuasively testified he injured himself at work on September 20, 2014, when he fell off a ladder while painting the roof of a barn. He also persuasively testified Mr. Sherlock had actual knowledge of the fall, as Mr. Sherlock drove him to the emergency room, thereby satisfying the notice requirement provided in Tennessee Code Annotated section 50-6-201(a)(1) (2015). Since Mr. Sherlock failed to appear at the Expedited Hearing, he presented no evidence to refute Mr. Scales' testimony.

Moreover, the medical records admitted into evidence support Mr. Scales' testimony with regard to his neck and left-wrist injuries. In a consultation note dated September 20, 2014, Dr. Santosh Mathen at St. Vincent Hospital indicated that Mr. Scales fell from a ladder and landed on his left wrist and neck. Dr. Creighton's operative note of September 29, 2014, describes a similar history. Medical records from Church Health and Christ Community indicate Mr. Scales also complained of right-wrist pain several weeks after his fall, but these records do not provide any history to connect his complaints to the work-related fall.

To be compensable under the Workers' Compensation Law, an injury must arise primarily out of and occur in the course and scope of the employment, be caused by an incident or specific set of incidents, and be identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14) (2015). Based on the evidence presented at the Expedited Hearing, the only suggested cause for Mr. Scales' neck and left-wrist injuries was the September 20, 2014 work-related fall. Medical evidence is generally required in order to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Cloyd v. Hartco Flooring Co.,* 274 S.W.3d 638, 643 (Tenn. 2008) (quoting *Orman v. Williams Sonoma, Inc.,* 803 S.W.2d 672, 676 (Tenn. 1991)). The Court finds that Mr. Scales' neck and left-wrist injuries obviously arose from his fall on September 20, 2014. Therefore, Mr. Scales presented sufficient evidence from which this Court concludes he is likely to prevail in proving compensable injuries to his neck and left wrist primarily arising out of and in the course and scope of his employment with Mr. Sherlock.

On the other hand, the connection between Mr. Scales' employment and his right wrist, asthma, and blood pressure conditions is not so "obvious, simple, or routine." Furthermore, Mr. Scales has not presented sufficient medical evidence to establish a causal relationship between these injuries and his employment with Mr. Sherlock.

4

Accordingly, he has not met his burden of proof with regard to his right wrist, asthma, and blood pressure conditions.

*Medical Benefits*

Having so found, the Court turns to the issue of medical benefits for Mr. Scales' neck and left-wrist injuries. Pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015), "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Accordingly, Mr. Scales is entitled to reasonably necessary ongoing medical treatment for his neck and left wrist as recommended by his authorized treating physician and as required by Tennessee Code Annotated section 50-6-204 (2015). Since Mr. Scales does not currently have an authorized physician, Mr. Sherlock shall provide Mr. Scales with a panel of physicians from which he can select his authorized treating physician for ongoing treatment of his neck and left wrist.

Mr. Scales also seeks payment of past medical expenses. He provided medical bills from St. Vincent Jennings Hospital ($6,442.50), Indiana Physician Management-Jennings ($680.40), Hand Surgery Associates ($3,859.00), and Indiana Hand to Shoulder Center ($3,623.00). The Court finds that each of these bills relate to the emergency treatment Mr. Scales received for his neck and left-wrist injuries. As such, Mr. Sherlock is responsible for paying these bills. With regard to the remaining medical bills and charges, however, Mr. Scales has not provided enough information to show either that these charges relate to injuries primarily arising out of his employment or that these charges involve reasonable and necessary treatment for said injuries.

*Temporary Disability Benefits*

Mr. Scales further asks this court to order temporary disability benefits. To establish a case for temporary total disability benefits, an employee must show that: (1) he was totally disabled and unable to work as a result of a compensable injury; (2) a causal connection exists between the injury and the employee's inability to work; and (3) the duration of the period of the employee's disability. *Gray v. Cullom Mach., Tool & Die, Inc.*, 152 S.W.3d 439, 443 (Tenn. 2004). Temporary partial disability arises when the temporary disability is not total. Tennessee Code Annotated section 50-6-207(2) (2015) provides that "[i]n all cases of temporary partial disability, the compensation shall be sixty-six and two-thirds percent of the difference between the average weekly wage of the worker at the time of the injury and the wage the worker is able to earn in the worker's partially disabled condition." When an injured worker is willing to return to work within his restrictions, but the employer is unwilling or unable to return the injured worker to work, the injured worker may be entitled to recover temporary partial disability benefits equal to the amount of temporary total disability benefits. *See Williams v. Saturn*

*Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *7-8 (Tenn. Workers' Comp. Panel Nov. 15, 2005).

After his fall on September 20, 2014, Mr. Scales remained in the hospital until September 22, 2014. Upon discharge from the hospital, Mr. Scales was restricted from bearing weight on his left wrist. Thereafter, Dr. Creighton kept Mr. Scales completely off work after his surgery on September 29, 2014. Mr. Scales remained off work until his October 22, 2014 appointment. Based on the medical records admitted into evidence, Dr. Creighton did not keep Mr. Scales off work or place any restrictions on him during the October 22, 2014 visit. Mr. Scales testified he has not worked since his work-related fall and is still unable to lift more than thirty pounds. However, he also admitted that no doctor restricted him from working but testified his injuries prevented him from performing the work Mr. Sherlock required.

Mr. Scales testified he made $120.00 per day and worked approximately 300 days in the year preceding his fall. He estimated he made between $600.00 and $700.00 per week and typically worked six days a week. He did not have any documentary evidence of his earnings because Mr. Sherlock paid him in cash and did not provide any tax paperwork. Mr. Sherlock did not appear at the Expedited Hearing and, therefore, did not refute Mr. Scales' testimony about his earnings. In addition, no evidence was put forth showing that Mr. Sherlock could have accommodated Mr. Scales' restrictions from September 22, 2014, to September 28, 2014.

Based on the evidence presented in this case, Mr. Scales has met his burden of proving entitlement to temporary disability benefits from September 21, 2014, to October 22, 2014. His request for temporary disability benefits is granted in part at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Sherlock shall provide Mr. Scales with a panel of orthopedic physicians. Mr. Sherlock shall also provide Mr. Scales with ongoing medical treatment for any neck or left-wrist injuries as recommended by the selected physician and as required by Tennessee Code Annotated section 50-6-204 (2015). Mr. Scales or his medical providers shall furnish medical bills to Mr. Sherlock.

2. Mr. Sherlock shall pay the medical bills Mr. Scales incurred as a result of treating for his work-related neck and left-wrist injuries, which total $14,604.90.

3. The amount of temporary disability benefit is $461.56 per week based on Mr. Scales' average weekly wage of $692.31.

4. Payment of past-due temporary disability benefits in the amount of $2,109.99 shall be made for the period from September 21 to October 22, 2014.

6

5. This matter is set for a Scheduling Hearing on March 21, 2016, at 10:00 a.m.

6. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

7. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 27th day of January, 2016.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

Exhibits:
1. Affidavit of Elijah Scales;
2. Medical bill from St. Vincent Jennings Hospital for date of service September 20, 2014;
3. Medical records:
   - St. Vincent Health
   - Indiana Hand to Shoulder Center
   - Church Health Center
   - Christ Community Health Services
4. Additional medical records from Christ Community Health Services;
5. Medical bill from Regional One Health for date of service December 9, 2014;
6. Additional medical records from Church Health Center;
7. Co-payment receipt from Christ Community Health Services, dated January 30, 2015;
8. Co-payment receipt from Church Health Center, dated November 13, 2014;
9. Additional medical records from St. Vincent Health;
10. Additional medical records from Indiana Head to Shoulder Center;
11. Note from Mr. Sherlock to Mr. Scales;
12. Medical bill from Indiana Physician Management-Jennings, dated December 23, 2014;
13. Medical bill from Hand Surgery Associates, dated December 18, 2014;
14. Additional medical records from St. Vincent Health; and
15. Medical bill from Indiana Hand to Shoulder Center for dates of service between September 20, 2014, and September 29, 2014.

Technical record:
1. Petition for Benefit Determination, filed January 5, 2015, and May 20, 2015;
2. Dispute Certification Notice, filed May 21, 2015; and
3. Request for Expedited Hearing, filed May 20, 2015.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 27th day of January, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Elijah Scales, Employee | X | | | 4959 Gardenwood Memphis, TN 38116 |
| Michael Sherlock, Employer | X | | | 4468 Deer Lane Memphis, TN 38118 |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov